SEAHILL CO., RESPONDENT, v. EQUITABLE LIFE ASSUR-
ANCE SOCIETY OF THE UNITED STATES, APPELLANT.

Argued January 22, 1946—Decided February 4, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the appellant, *Abram H. Cornish.*

For the respondent, *Budd, Larner & Schellino (Samuel A. Larner).*

The opinion of the court was delivered by

BODINE, J. The defendant appeals from a judgment in the sum of $248.34.

The plaintiff on September 11th, 1944, applied to the Equi-table Life Assurance Society, the defendant, for a mortgage loan of $30,000 upon property owned by the plaintiff in East Orange, in this state. The plaintiff employed the New Jersey Realty Title Insurance Company to insure the title. This company stated in their letter dated September 25th, 1944, to the plaintiff with respect to the lease of the mortgaged premises, as follows: "We are advised that one of the condi-tions to the making of the loan is that the lease be in form and on terms acceptable to the Equitable and that the lessor's interest therein be assigned to the Equitable under its regular

form of assignment, which assignment is to be recorded. In addition, we are to serve notice on the tenants on the form provided by the Equitable. I have enclosed herewith a copy of each.

"We are also to examine the lease of The Great Atlantic and Pacific Tea Company"—one of the tenants in the premises to be mortgaged—"and would appreciate your sending it to us at the time of forwarding the title application. After the lease has been examined, we shall return it to you."

One of the plaintiff's officers, contemplating a trip to Florida, executed the bond and mortgage and left it with the Title Company. On December 7th, 1944, the following telegram was sent to the plaintiff: "Harold S. Segal Seahill Co. Mail Care General Delivery Miami Equitable refuses close unless lease subordinated. Tenant refused subordination agreement Unable to close loan today."

In reply to this telegram, plaintiff's principal officer caused the following telegram to be sent: "New Jersey Realty Title Insurance Co. 830 Broad St Newark N.Jer. Equitable never required subordination in legal commitment. We demand closing immediately. Holding you responsible. Reply today." To this telegram, the Title Company sent the following: "Seahill Co. 2534 SW 3rd St Miami Fla. Instructions were lease be in form and terms acceptable to Equitable and Equitable says terms not acceptable unless subordinated. Lessee refused to subordinate and Equitable instructed us not to close. New Jersey Realty Title Insurance Company is not responsible therefor."

On December 9th, 1944, the Seahill Co. wrote the Equitable Life Assurance Society as follows: "Gentlemen: We have received a telegram from the N. J. Realty Title Insurance Co., sent out December 7 at 3.24 p.m., stating that you refused at the last minute to make the loan in accordance with your legal commitment.

"The title company states that you refused to go through with the loan because the tenant, the Great A. & P. Tea Co., has declined to subordinate the lease, whereas nowhere in our application for the loan and in your subsequent commitment

to make the loan is there any requirement on your part that the lease be subordinated as a condition for the making of the loan.

"In a subsequent telegram from the N. J. Realty Title Insurance Co. received on December 8, they informed us that they had received instructions from you that the lease be in form and terms acceptable to you for you to make the loan.

"On October 2, 1944, in accordance with your instructions to the N. J. Realty Title Insurance Co. as per Mr. Weinert's letter to us, we delivered the original lease to that company for your examination as to the form and terms of the lease.

"With this lease in your possession since October 2 for such examination neither you nor the N. J. Realty Title Insurance Co. acting in your behalf expressed or implied that the form and terms of the lease were not acceptable to Equitable. Up to the very act of closing there was no indication to us whatsoever that subordination of the lease was required as a condition for the loan.

"The reason given by you for your last minute refusal to close the deal cannot be regarded as other than frivolous.

"We herewith demand that you make the loan as agreed immediately. Very truly yours, Seahill Co., Harold S. Segal, President."

In the first place, we are of the opinion that the defendant was justified in requiring the subordination of the lease of the premises upon which the plaintiff sought a mortgage. It is not unusual at all for lenders of money to require that their mortgage be a first lien upon the premises, and if an existing lease is not subordinated the mortgage cannot be a first lien upon the premises.

In the second place, we see nothing in the correspondence or the conduct of the principals which would require the Equitable Life Assurance Society to pay for a trip of the plaintiff's president to Florida and return. This trip was certainly not in the contemplation of the parties to the contract for the loan of the money.

The judgment is reversed, with costs.